UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRITTANY FINKELDEY,

   Plaintiff,

-VS-                                       CASE NO.:

NAVIENT SOLUTIONS, INC. and
STUDENT ASSISTANCE CORP.,

   Defendants.
_____/

## COMPLAINT

Plaintiff, BRITTANY FINKELDEY, by and through her undersigned counsel, sues the Defendants, NAVIENT SOLUTIONS, INC. and STUDENT ASSISTANCE CORP., and in support thereof respectfully alleges the following:

## INTRODUCTION

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA").

2. The TCPA was enacted to prevent companies from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

1

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robo-calls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

6. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

7. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C. § 1332, diversity jurisdiction.

8. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

9. Venue is proper in this District because the Plaintiff resides in this District (Pinellas County), the phone calls were received in this District, and the Defendant transacts business in Pinellas County, Florida.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person and citizen of the State of Florida residing in Pinellas County, Florida.

11. Plaintiff is a "consumer" as defined in Florida Statute 559.55(8).

12. Plaintiff is an "alleged debtor."

13. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

14. Defendant, Navient Solutions, Inc. (hereinafter "Navient Solutions"), is a corporation with its principal place of business at 2001 Edmund Halley Dr., Reston, VA 20191-3436 and conducting business in the state of Florida through its registered agent, Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.

15. Defendant, Student Assistance Corporation (hereinafter "SAC"), is a corporation with its principal place of business in Delaware, wherein its registered agent is Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.

16. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

17. Defendants called the Plaintiff approximately two-hundred (250) times since April 2015 in an attempt to collect a debt and/or to service an account.

18. Defendants attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

3

19. Navient Solutions and SAC intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

20. On information and belief, the telephone calls placed by Navient Solutions and SAC were placed using automated telephone dialing equipment, without human intervention.

21. Each call Navient Solutions and SAC made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1). Plaintiff will testify that she heard a pause before being connected to an agent, a common indicator of an ATDS.

22. Each call Navient Solutions and SAC made to the Plaintiff's cell phone after approximately June 2015 was done so without the "express permission" of the Plaintiff. Around June 2015 the Plaintiff advised the Defendants to stop calling her, thereby revoking any consent Defendants believed they had to call her cellular telephone.

23. Beginning on or around April 2015, Plaintiff began receiving automated robocalls from Navient Solutions and SAC to her cell phone number, 860 *** - 6030. Approximately two months after the calls began the Plaintiff revoked her consent to being called by the Defendants by advising the Defendants that she wished for the calls to stop.

24. After that revocation the Plaintiff received calls from multiple different numbers belonging to the Defendants. The Plaintiff estimates two-hundred and fifty (250) calls post-revocation.

25. In March of 2016 the Plaintiff yet again revoked her consent to be called by Defendants. However, she received at least thirty-six (36) more calls from Defendants between March 29, 2016 and May 14, 2016.

26. Navient Solutions and SAC have a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

27. Navient Solutions and SAC have a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Navient, to remove the incorrect number.

28. Navient Solutions and SAC have numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

29. Navient Solutions and SAC have had numerous complaints from consumers against them across the country asking to not be called, however the Defendants continue to call.

30. Navient Solutions and SAC corporate policy provided no means for the Plaintiff to have her number removed from the call list.

31. Navient Solutions and SAC have a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

32. Plaintiff revoked any express consent to Navient Solutions' and SAC's placement of telephone calls to Plaintiff's cellular telephone by the use of an ATDS or a pre-recorded or artificial voice prior to Navient Solutions' and SAC'S placement of the majority of calls made to her cellular telephone.

33. None of Navient Solutions' or SAC'S telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

34. Navient Solutions and SAC willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

35. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, and worrying.

## COUNT I
## NAVIENT SOLUTIONS, INC.
### (Violation of the TCPA)

36. Plaintiff incorporates and re-alleges Paragraphs one (1) through thirty-five (35).

37. Defendant, Navient Solutions, willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff wanted Defendants to stop calling Plaintiff.

38. Defendant, Navient Solutions, knowingly violated the TCPA with respect to the Plaintiff for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff wanted the calls to stop.

39. Navient Solutions repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Navient Solutions Inc. for statutory damages, treble damages, punitive damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
## NAVIENT SOLUTIONS, INC.
**(Violation of the FCCPA)**

40. Plaintiff incorporates and re-alleges Paragraphs one (1) through thirty-five (35).

41. At all times relevant to this action Navient Solutions is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

42. Navient Solutions has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

43. Navient Solutions has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

44. Navient Solutions's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Navient Solutions, Inc. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
## STUDENT ASSISTANCE CORPORATION
**(Violation of the TCPA)**

45. Plaintiff incorporates and re-alleges Paragraphs one (1) through thirty-five (35).

46. Defendant, SAC, willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that she did not wish to be contacted by Defendant.

47. Defendant, SAC, knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff did not wish to be contacted by Defendant.

48. Defendant, SAC, repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Student Assistance Corporation for statutory damages, punitive damages, costs, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT IV
### STUDENT ASSISTANCE CORPORATION
**(Violation of the FCCPA)**

49. Plaintiff incorporates and re-alleges Paragraphs one (1) through thirty-five (35).

50. At all times relevant to this action SAC is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

51. Defendant, SAC, has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

52. Defendant, SAC, has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

53. Defendant, SAC's, actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Student Assistance Corporation for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/ *Frank H. Kerney III, Esq.*
Frank H. Kerney III, Esq.
Florida Bar #:  88672
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 223-5402
fkerney@forthepeople.com
jkneeland@forthepeople.com
amoore2@forthepeople.com
Attorney for Plaintiff